## WARREN CHEMICAL MANUF'G CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 16, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—COAL-TAR PRODUCT.

The merchandise known as "coal-tar product," or "dead oil," is not dutiable under the provision for "products known as distilled oils" in paragraph 60 of the act of August 28, 1894, but is entitled to free entry under paragraph 443, as a product of coal tar not a color or dye, and not specifically provided for.

This was an appeal by the Warren Chemical Manufacturing Company from a decision of the board of general appraisers in respect to the classification of certain merchandise.

Albert Comstock, for importers.
James T. Van Rensselaer, for the United States.

TOWNSEND, District Judge (orally). The merchandise in question is known as "coal-tar product," or "dead oil." The finding of the board of general appraisers that it is a product of coal tar is supported by the preponderance of the evidence, and is affirmed. It was assessed for duty at 25 per centum ad valorem, under the provision for "products known as distilled oils" in paragraph 60 of the tariff act of August 28, 1894. The importer has protested, claiming that it is free, as a "product of coal tar, not a color or dye, not specifically provided for," under the provisions of paragraph 443 of said act. Counsel for the United States contends that the term "distilled oils"

has in the trade a definite meaning, synonymous with "essential oils," or oils derived from vegetable substances, and that, as congress has included in paragraph 60 both the terms "essential oils" and "distilled oils," it must thereby have intended to include under the two terms something more than the commercially known distilled oils, namely, oils in fact distilled from nonvegetable substances, such as oils distilled from coal tar. Whether the contention of the importer, that the word "known" necessarily means, in this connection, "commercially known," it is unnecessary to determine. It has not been shown, however, that this article is an oil in fact, or that it is chemically or commercially or commonly known as "distilled oil." The decision of the board of general appraisers is therefore reversed, and the article should be admitted free, under paragraph 443 of said act.